IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:10-CV-232-GCM

| | |
|---|---|
| JACKALIN S. WILLIAMS | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| CAROLINAS HEALTHCARE SYSTEM | ) |
| | ) |
| | ) |
| Defendant. | ) |

**THIS MATTER** is before the Court on Defendant's Motion for Summary Judgment [D.I. 15], Plaintiff's Response to Defendant's Motion for Summary Judgment [D.I. 16], Defendant's Reply to Response to Motion for Summary Judgment [D.I. 17] and Plaintiff's Surreply [D.I. 18]. For the reasons laid out below, the Defendant's motion is **GRANTED**.

**I. Background**

Jackalin S. Williams, Plaintiff, was employed by the Charlotte-Mecklenburg Hospital Authority ("CMHA"), Defendant, as a Core Measures analyst in the Center for Clinical Data Analysis ("CCDA"). CCDA compiles clinical data regarding the quality of patient care in the CMHA facilities, in part to report to Medicaid/Medicare and the Joint Commission. In her position, Plaintiff was responsible for entering Core Measure Data (clinical data regarding heart failure, surgical infection, pneumonia and myocardial infarction) from paper charts into an electronic database.

Due to a rise in the CCDA's workload in January 2008 with the addition of Intensive Care

Unit data responsibilities, the Plaintiff's immediate supervisor, Susanne Thomason, needed increased support. Ms. Thomason and her immediate supervisor, Angela Humphrey, sought permission to create a new position of Lead Analyst, National Quality Measures, on October 1, 2008. This new position was approved and Ms. Thomason selected Diane Perkins to fill it. Ms. Thomason's affidavit indicates that Diane Perkins was selected for the position without consideration of any other person. Thomason Aff. ¶ 10. The position was not posted to solicit applications, which is allowed under the Defendant's policies. Plaintiff did not apply for the position because she was unaware of it. Plaintiff resigned from Defendant's employment on December 23, 2008 as a result of what she described to be a hostile environment. The Plaintiff filed a complaint with this Court on May 21, 2010, alleging racial discrimination by failure to promote, denial of equal pay and denial of equal opportunity to work from home in violation of Title VII of the Civil Rights Act of 1964, as amended. Complaint ¶ 5 [D.I. 1].

## II. Summary Judgment Standard

"Under the Federal Rules of Civil Procedure, summary judgment shall be awarded 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits . . . show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" Bouchat v. Baltimore Ravens Football Club, Inc., 346 F.3d 514, 519 (4th Cir. 2003) (quoting Fed. R. Civ. P. 56(c)). A genuine issue of material fact exists if a reasonable jury, considering the evidence, could return a verdict for the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The party seeking summary judgment bears the initial burden of demonstrating the absence of a genuine issue of material fact. Celotex Co. v. Catrett, 477 U.S. 317, 325 (1986). If this showing is made, the burden then shifts to the non-moving party. Bouchat, 346 F.3d at 519. A party opposing a properly supported motion for

summary judgment "may not rest upon the mere allegations or denials of [her] pleadings," but rather must "set forth specific facts showing that there is a genuine issue for trial." Matsushita Elec. Indus. Co. v. Zenith Radio Co., 475 U.S. 574, 586 (1986); Fed. R. Civ. P. 56(e).

### III. Plaintiff's Claims

#### A. Failure to Promote

To prevail on a disparate treatment claim based on race, a plaintiff must meet one of two standards. The plaintiff may establish a claim of discrimination by direct evidence of discrimination (not present in the case at bar) or by the McDonnell Douglas test. McDonnell Douglas Corp v. Green, 411 U.S. 792, 802-03 (1973). To meet the McDonnell Douglas test, a plaintiff must make a prima facie showing of discrimination by demonstrating: (1) she is a member of a protected class; (2) she applied for the position in question; (3) she was qualified for the position; and (4) she was rejected under circumstances giving rise to an inference of unlawful discrimination. Evans v. Techs. Applications & Serv. Co., 80 F.3d 954, 959-60 (4th Cir. 1996). The plaintiff must make this showing by a preponderance of the evidence. Id. A plaintiff's failure to apply for the position in question "does not preclude recovery if a claimant can demonstrate that [s]he would have applied but for accurate knowledge of an employer's discrimination and that [s]he would have been discriminatorily rejected had [s]he actually applied." Pinchback v. Armistead Homes Corp., 907 F.2d 1447, 1451 (4th Cir. 1990). If the plaintiff makes a prima facie showing under the McDonnell Douglas test, the burden shifts to the employer to present a "legitimate, non-discriminatory reason for its employment action." Evans, 80 F.3d at 959. If the employer succeeds in such a showing, the burden shifts back to the employee to show that "the given reason was just a pretext for discrimination." Id.

3

Here, Defendant asserts Plaintiff cannot make the prima facie showing required because she cannot demonstrate she was qualified for the job in the opinion of her employer. See Anderson v. Westinghouse Savannah River Co., 406 F.3d 248, 269 (4th Cir. 2005) (finding that a plaintiff may not establish her own qualifications criteria for a promotion, but must compete "based on the qualifications established by her employer."). Defendant points out that Susanne Thomason, the supervisor responsible for filling the position in question, signed a sworn affidavit that she did not find the Plaintiff to be qualified for the position. Thomason Aff. ¶ 15-17. Specifically, Ms. Thomason states that that Plaintiff had no actual experience with daily managerial tasks, the Plaintiff did not have the needed respect of her peers, and that the Plaintiff had not demonstrated an express interest in or shown the initiative needed to move to a new position. Id. Plaintiff has put forth sufficient evidence to make a prima facie showing that she was qualified for the position. Like Evans, the evidence here "creates a close call" as to the Plaintiff's qualifications for the position, but the "burden of establishing a prima facie case of disparate treatment is not onerous." Evans, 80 F.3d at 960 (quoting Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 253 (1981)). Plaintiff presumably had similar training for her RN degree as Diane Perkins, the woman chosen for the position. Plaintiff put forth some documentary evidence that she was sought out by her peers, at least on occasion, for counsel. Plaintiff's Response to Defendant's Motion for Summary Judgment, Ex. Y [D.I. 16]. Plaintiff performed the same role as Ms. Perkins before Ms. Perkins was promoted. Plaintiff has carried the relatively light burden to show that she was qualified for the job. The burden now shifts to the Defendant to articulate legitimate, non-discriminatory reasons for choosing Ms. Perkins, which the Defendant has succeeded in doing.

"Job performance and relative employee qualifications are widely recognized as valid, non-discriminatory bases for any adverse employment decision." Evans, 80 F.3d at 960. Here, Ms.

4

Thomason's affidavit lays out valid, non-discriminatory reasons for choosing Ms. Perkins: (1) Ms. Perkins' leadership experience and quality management experience at other hospitals; (2) Ms. Perkins' expertise in collecting data and manipulating the electronic records system of the Defendant; (3) Ms. Perkins' guidance and counsel to her peers; and (4) Ms. Perkins' initiative in volunteering for various tasks and taking leadership roles. Thomason Aff. ¶ 14. Plaintiff has not put forth any evidence demonstrating these reasons were pretext for discrimination. Ms. Perkins was preselected for the position, without consideration of other employees. Pre-selection is not sufficient evidence to show that the Defendant's explanation was a pretext. "If one employee was unfairly preselected for the position, the pre-selection would work to the detriment of all applicants for the job, black and white alike." Blue v. United States Dep't of the Army, 914 F.2d 525, 541 (4th Cir. 1990). Plaintiff acknowledged as much in her deposition. Plaintiff's Deposition, p. 79 [D.I. 19]. Plaintiff also acknowledges that she was the one making the judgment "about whether or not [she] and Ms. Perkins were qualified" for the position at issue, and acknowledged she did not know whether those making the decision about the position thought she was qualified. Id. at 91. She also acknowledged she did not know what criteria they used in selecting Ms. Perkins for the position and whether any other candidate, white or black, was considered. Id. at 103-104. Plaintiff admitted she did not know if Ms. Perkins were more qualified for the position than she. Id. at 127. Plaintiff has put forth no evidence that the reasons for choosing Ms. Perkins were a pretext for discrimination. As a result, Defendant's motion for summary judgment on Plaintiff's failure to promote claim is granted.

### B. Discriminatory Compensation

To establish a prima face case of racially discriminatory compensation, Plaintiff must demonstrate "(1) membership in a protected class; (2) satisfactory job performance; (3) adverse

5

employment action with respect to compensation; and (4) that similarly-situated employees outside the protected class receive more favorable treatment." White v. BFI Waste Servs., LLC, 375 F.3d 288, 295 (4th Cir. 2004). "The standard for whether employees are similarly situated requires that their circumstances be nearly identical." Hunter v. Wake County Bd. Of Educ., 2010 WL 2164613, *5 (E.D.N.C. 2010) (Dever, J.). The appropriate factors to consider in a discriminatory compensation claim include whether the Plaintiff and those who she claims are similarly situated had the same, or substantially similar, experience, education, duties, and qualifications. Id. Here, Plaintiff cannot establish her prima facie case. Even assuming the first three criteria of the test enumerated above are met, Plaintiff has no evidence that she was similarly-situated with Ms. Perkins, with whom she compares her pay scale. Plaintiff acknowledges she does not know Ms. Perkins' requisite experience, educational background, or duties outside her Core Measures duties. See Plaintiff's Deposition, pp. 193-97. Defendant points out and Plaintiff acknowledges that all of the white employees in her group had a longer tenure of employment with the Defendant than did Plaintiff. Id. at 198-99. Plaintiff has failed to show that she was similarly situated with other employees, and thus the Defendant's motion for summary judgment on her discriminatory pay claim is granted.

**C. Discriminatory Denial of Request to Work from Home**

"To prevail on a Title VII claim, 'the existence of some adverse employment action is required.'" Holland v. Washington Homes, Inc., 487 F.3d 208, 219 (4th Cir. 2007) (quoting James v. Booz-Allen & Hamilton, Inc., 368 F.3d 371, 375 (4th Cir. 2004)). An adverse employment action requires discrimination that detrimentally affects the terms, conditions or benefits of the employment. Id. Here, the opportunity to work from home was arguably a benefit of the Plaintiff's employment and thus the refusal to allow her the opportunity could be considered an adverse

employment action. However, Plaintiff has put forth no evidence that the decision not to allow her to work from home was in any way based on racial discrimination. In fact, Plaintiff acknowledges there were significant portions of her job that could not be accomplished from home. Plaintiff's Deposition at 241. Plaintiff claims she wished to work from home on duties outside of her normal job, but that she did not express that desire to the Defendant's management. Id. Plaintiff has not established that racial discrimination played any part in the Defendant's refusal to allow her to work from home. Accordingly, the Defendant's motion for summary judgment on the Plaintiff's discriminatory denial of her request to work at home is granted.

For the foregoing reasons, the Defendant's motion is **GRANTED**.

**SO ORDERED.**

Signed: March 25, 2011

Graham C. Mullen
United States District Judge